United States District Court
Southern District of Texas

**ENTERED**

March 02, 2022

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| PELLETIER MANAGEMENT AND CONSULTING, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 6:21-CV-00022 |
| INTERBANK, et al., | § § | |
| Defendants. | § § § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the Emergency Motion to Expunge Lis Pendens filed by Defendants InterBank, Inc. and Real Estate Holdings, LLC for the benefit of its Series B (REH). The Defendants seek to expunge four Notices of Lis Pendens filed on behalf of Plaintiff Pelletier Management and Consulting, LLC (PMC) by its executive manager Gaetan Pelletier. For the following reasons, the Court **GRANTS** the Emergency Motion to Expunge.

I.      **BACKGROUND**

This case was filed in the 192nd District Court of Dallas County, Texas, on October 2, 2020. (Dkt. No. 1-5). The case is premised on the Defendants' alleged breach of a "promise to provide permanent financing" so that PMC could complete construction of the TexInn Hotel in Cuero, DeWitt County, Texas. (*Id.* at 1–4). PMC asserts claims for breach of contract and negligent misrepresentation. (*Id.* at 9–10).

On October 30, 2020, the Defendants removed the case to the U.S. District Court for the Northern District of Texas based on diversity jurisdiction.[1] (Dkt. No. 1). After the Parties filed a series of motions, Judge Brantley Starr transferred the case to this Court. (Dkt. No. 41). Instead of re-urging any previously filed motions following transfer, the Parties filed an Agreed Motion to Dismiss. (Dkt. No. 45). On May 3, 2021, this Court granted the Parties' request and closed this case. (Dkt. No. 46). PMC later filed a "Motion for New Trial," which asks the Court to reopen the case. (Dkt. No. 49). The case remains closed while that motion is pending.

Now for the dispute at hand. The controversy centers on four Notices of Lis Pendens filed by Gaetan Pelletier in October 2021.[2] (Dkt. No. 55 at 5). These notices relate to properties owned by REH. (*Id.* at 1). The Defendants filed a Motion to Expunge Lis Pendens on October 26, 2021. (Dkt. No. 54). PMC did not respond.[3]

---

[1]    As alleged in the Original Petition, PMC is a Colorado LLC, InterBank is an Oklahoma state-bank corporation with its principal office in Oklahoma, and REH is an Oklahoma LLC with its principal office in Oklahoma. (Dkt. No. 1-5 at 3–4).

[2]    The first notice, filed in DeWitt County, pertains to property located at 2127 N. Esplanade, Cuero, Texas 77954. (Dkt. No. 56). The second, filed in Hemphill County, pertains to property located at 804 Houston, Canadian, Texas 79014. (Dkt. No. 56-1). The third, also filed in Hemphill County, pertains to property at 1001 Purcell Ave., Canadian, Texas 79014. (Dkt. No. 56-2). The final notice, also filed in Hemphill County, pertains to property located at 200 Cedar Street, Canadian, Texas 79014. (Dkt. No. 56-3).

[3]    While the Defendant's Certificate of Conference in that motion represents that PMC's counsel confirmed that PMC "is opposed to this Motion," (Dkt. No. 54 at 8), no response was filed. The Court therefore assumes that the motion was unopposed. *See* Southern District of Texas Local Rule 7.4 ("Failure to respond to a motion will be taken as a representation of no opposition.").

Two months later, the Defendants re-urged their request under the heading Emergency Motion to Expunge Lis Pendens.[4] (Dkt. No. 55). The Defendants seek to expunge all four Notices of Lis Pendens. This time PMC filed a Response. (Dkt. No. 57). But PMC does not explain its failure to respond to the first motion.[5] The Defendants Replied. (Dkt. No. 58).

## II.   LEGAL STANDARD

The purpose of a notice of lis pendens is to broadcast "to the world" the existence of ongoing litigation regarding ownership of real property. *Sommers for Alabama and Dunlavy, Ltd. v. Sandcastle Homes, Inc.*, 521 S.W.3d 749, 753 (Tex. 2017) (quoting Tex. Prop. Code § 13.004(a)). "A *lis pendens* notice is limited to situations where the title to the property is directly implicated by the results of the lawsuit." *Matter of Alabama & Dunlavy, Ltd.*, 983 F.3d 766, 778 (5th Cir. 2020) (citing *Helmsley-Spear of Tex., Inc. v. Blanton*, 699 S.W.2d 643, 645 (Tex. App.—Houston [14th Dist.] 1985, no writ)); *see also* Tex. Prop. Code § 12.007.

In Texas, a motion to expunge a notice of lis pendens is governed by statute. In particular, a "party to an action in connection with which a notice of lis pendens has been filed may . . . apply to the court to expunge the notice[.]" Tex. Prop. Code § 12.0071(a)(1). The statute provides three circumstances in which a court must expunge the notice of lis pendens. First, "the pleading on which the notice is based does not contain a real

---

[4]   The Defendants classify their request as an emergency because, following the first Motion to Expunge, REH entered into an agreement to sell the TexInn Hotel. (Dkt. No. 55 at 22). The Notice of Lis Pendens threatens that sale. (*Id.*).

[5]   PMC's lawyer made an appearance in May 2021. (Dkt. No. 47); (Dkt. No. 48).

property claim." *Id.* § 12.0071(c)(1).   Second, "the claimant fails to establish by a preponderance of the evidence the probable validity of the real property claim."  *Id.* § 12.0071(c)(2).   Last, "the person who filed the notice for record did not serve a copy of the notice on each party entitled to a copy[.]"  *Id.* § 12.0071(c)(3).

## III.   ANALYSIS

The Defendants advance two theories in support of their expunction request.  First, the pleading does not include a claim for real property.  (Dkt. No. 55 at 6–8).  Second, PMC fails to establish by a preponderance of the evidence the probable validity of a real property claim.  (*Id.* at 8).  The Defendants further highlight that Gaetan Pelletier, PMC's executive manager, previously filed notices of lis pendens on the same properties and that those notices were later expunged by Judge Kenneth Hoyt.[6]  (*Id.* at 6–7).

The bulk of PMC's Response recounts the same factual allegations in its Original Petition.  (Dkt. No. 57 at 1–10).  PMC's sole argument in opposition to expunction is that it has not yet amended its complaint but intends to add a claim for wrongful foreclosure and to add a request for an order to void the foreclosure sale.  (*Id.* at 10).  PMC urges the Court to first rule on the pending "Motion for New Trial" before ruling on the expunction request.  (*Id.* at 10–11).  PMC does not cite authority.

---

[6]   The Court takes judicial notice of the order granting a motion to expunge lis pendens. *Pelletier v. InterBank*, No. 6:19-CV-00089 (S.D. Tex. Jan. 21, 2020), ECF No. 18.  Judge Hoyt expunged the notices of lis pendens from the real property records in DeWitt and Hemphill County.  The plaintiff in that case was Gaetan Pelletier.  Here, the plaintiff is PMC—of which Gaetan Pelletier is the executive manager.

In their Reply, the Defendants argue that Texas law requires a court to look at the pleadings on file at the time the notice of lis pendens was filed. (Dkt. No. 58 at 2–4). Thus, any argument about a future amendment is irrelevant. (*Id.* at 3). The Defendants further argue that, even if the live pleading contains a real property claim, PMC's Response fails to show by a preponderance of the evidence that there is a probable validity of a real property claim. (*Id.* at 4–5). In fact, say the Defendants, PMC failed to offer any evidence at all. (*Id.* at 4).

Again, the Court *must* expunge if "the pleading on which the notice is based does not contain a real property claim." Tex. Prop. Code § 12.0071(c)(1). The four Notices of Lis Pendens signed by "Gaetan Pelletier, Executive Manager" explicitly list this case, Civil Action No. 6:21-CV-00022. (Dkt. No. 56); (Dkt. No. 56-1); (Dkt. No. 56-2); (Dkt. No. 56-3). The pleading on which the notices are based is the Original Petition. And the Original Petition asserts two claims: breach of contract and negligent misrepresentation. (Dkt. No. 1-5 at 9–10). Neither of those claims involve "actual titles to real property or the establishment of a direct interest in real property." *In re Huffines Retail Partners, L.P.*, 978 F.3d 128, 133 (5th Cir. 2020). Nor does PMC "pray for the real property titles to be transferred [to it]." *Id.* Instead, PMC seeks money damages arising out of the alleged breach of a promise to provide a permanent loan after meeting the terms of a forbearance agreement. (Dkt. No. 1-5 at 9–10). This is insufficient.

Consider, for example, *In re Chong*. There, the Houston Fourteenth Court of Appeals concluded that the plaintiff failed to allege a "real property claim" under the Texas Property Code by asserting a breach of contract claim because the allegations, if

true, would not "support the award of real property."  No. 14-19-000368-CV, 2019 WL 2589968, at *2 (Tex. App.—Houston [14th Dist.] June 25, 2019, no pet.).  Also consider *Pruitt v. Bank of New York Mellon*.  There, the District Court for the Northern District of Texas found that the plaintiff did not explicitly assert a real property claim or ask to restore ownership, but instead sought damages via claims for breach of contract, fraud, and breach of the duty of good faith.  No. 3:15-CV-2359-L, 2015 WL 6157319, at *2 (N.D. Tex. Oct. 19, 2015).

Similar to the plaintiffs in *In re Chong* and *Pruitt*, PMC does not make allegations indicating that it seeks an award of real property or a restoration of its property ownership.  In fact, PMC does not dispute that there is not a real property claim in the Original Petition.  Instead, PMC argues that it *intends* to file an amended complaint to assert a real property claim *if* the Court grants the Motion for New Trial.  This misses the mark.

There is a slight difference among Texas appellate courts on which pleading a court must consider under Texas Property Code § 12.0071(c)(1).  The Austin Court of Appeals has held that a court must examine the pleading "on file at the time the transaction with respect to the property occurred."  *Countrywide Home Loans, Inc. v. Howard*, 240 S.W.3d 1, 5 (Tex. App.—Austin 2007, pet. denied) (hereinafter the "Austin Rule").  The Dallas Court of Appeals, on the other hand, asks whether the plaintiff "had a live pleading" asserting a real property claim "at the time [the plaintiff] filed the lis pendens on the properties."  *In re Kroupa-Williams*, No. 05-05-00375-CV, 2005 WL 1367950, at *2 (Tex. App.—Dallas June 10, 2005, no pet.) (hereinafter the "Dallas Rule").  The

Houston First Court of Appeals declined to resolve the slight difference between the Austin Rule and the Dallas Rule because it was unnecessary to reach its conclusion. *In re Cohen*, 340 S.W.3d 889, 894 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *accord In re Briar Building Houston LLC*, 609 B.R. 589, 602 (Bankr. S.D. Tex. 2019).  So too here.

The Court applies both options to this case to illustrate.  First, the Dallas Rule.  Crucially, "the pleading on which the notice is based"—here, the Original Petition filed in state court—"does not contain a real property claim."  *See* Tex. Prop. Code § 12.0071(c)(1).  At the time the Notices of Lis Pendens were filed—October 2021—the live pleading on file was the Original Petition.  *In re Kroupa-Williams*, 2005 WL 1367950, at *2.  At best, then, PMC's only remaining option is to rely on the live pleading "on file at the time the transaction with respect to the property occurred" under the Austin Rule.  *Countrywide Home Loans*, 240 S.W.3d at 5.  But any transaction related to the property pre-dates any future change to the live pleading.  As a result, an amendment to add a real property claim would fall well outside the lines drawn under Texas law.  Thus, the Court concludes that PMC does not assert a real property claim under Texas Property Code § 12.0071(c)(1).  As such, the Court must expunge the Notices of Lis Pendens.[7]

---

[7]   Given the emergency posture of this motion, the Court need not consider the alternative basis for expunction.  But the Court notes that PMC fails to even brief whether it has or can "establish by a preponderance of the evidence the probable validity of the real property claim." Tex. Prop. Code § 12.0071(c)(2).  This failure is particularly noteworthy in light of PMC's decision not to respond to the original Motion to Expunge.

## IV.   CONCLUSION

The Court **GRANTS** the Emergency Motion to Expunge Lis Pendens.  (Dkt. No. 55).  Accordingly, the Court **ORDERS, ADJUDGES, and DECREES** that the Notice of Lis Pendens is expunged from the real property records of DeWitt County, Texas.  (Dkt. No. 56).  The Court **ORDERS, ADJUDGES, and DECREES** that the Notices of Lis Pendens are expunged from the real property records of Hemphill County, Texas.  (Dkt. No. 56-1); (Dkt. No. 56-2); (Dkt. No. 56-3).  Finally, the Court **DENIES AS MOOT** the original Motion to Expunge Lis Pendens.  (Dkt. No. 54).

This case remains closed until the Court rules on the pending "Motion for New Trial."  (Dkt. No. 49).

It is SO ORDERED.

Signed on March 2, 2022.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**

8