United States District Court
Southern District of Texas
**ENTERED**
March 07, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| PELLETIER MANAGEMENT AND CONSULTING, LLC, | § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Civil Action No. 6:21-CV-00022 |
| INTERBANK, et al., | | |
| Defendants. | | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the Motion for New Trial filed by Plaintiff Pelletier Management and Consulting, LLC (PMC). PMC asks the Court to vacate its order dismissing this case. The Defendants—InterBank, Inc. and Real Estate Holdings, LLC for the benefit of its Series B—are opposed. PMC cites Rule 59(a) of the Federal Rules of Civil Procedure, which does not apply because there was not a trial. Even after the Court construes the motion under Rule 59(e), PMC does not offer a meritorious basis for relief. Thus, the Court **DENIES** the Motion for New Trial.

### I.   BACKGROUND

This case was filed in the 192nd District Court of Dallas County, Texas, on October 2, 2020. (Dkt. No. 1-5). At the time of filing, PMC was represented by the law firm Lynn Pinker Hurst & Schwegmann LLP. (*Id.* at 12). Less than a month later, the Defendants removed the case to the U.S. District Court for the Northern District of Texas based on diversity jurisdiction. (Dkt. No. 1). On March 27, 2021, attorney Seth Kretzer filed a Notice of Appearance as a court-appointed receiver on behalf of PMC. (Dkt. No. 32).

Kretzer explained that he was appointed by the 267th District Court in DeWitt County, Texas, as a receiver for Gaetan Pelletier and PMC. (*Id.* at 1). As a result, on March 28, 2021, Kretzer filed a motion to substitute himself as attorney of record for PMC and terminate Lynn Pinker's representation of PMC. (Dkt. No. 34). The Defendants and Lynn Pinker did not object. (Dkt. No. 36); (Dkt. No. 37). Thus, on April 7, 2021, U.S. District Judge Brantley Starr granted the request. At that point, Kretzer was the only active attorney appearing on behalf of PMC. On April 13, 2021, Judge Starr then transferred the case to this Court. (Dkt. No. 41).

After the transfer, the Parties filed an Agreed Motion to Dismiss. (Dkt. No. 45). In this motion, Kretzer, alongside the Defendants, moved for dismissal of the case with prejudice. (*Id.* at 1). In support, Kretzer pointed to the March 27, 2021 motion to dismiss—a motion that was filed before transfer. (*Id.*). The March 27, 2021 motion to dismiss, in turn, explains that "the Receiver has been specifically authorized by his appointing state district judge to file a motion for non-suit." (Dkt. No. 33 at 3, 12). After detailing Gaetan Pelletier's extensive litigation history, Kretzer explains that he seeks dismissal on behalf of PMC "to protect receivership assets." (*Id.* at 23). Kretzer attached a copy of the 267th Judicial District Court of DeWitt County's "Order Appointing Receiver and to Compel Discovery." (Dkt. No. 33-14). That order appointed Kretzer as receiver "to take possession of and sell the leviable assets of Gaetan Pelletier." (*Id.* at 1).

On May 3, 2021, this Court granted the Agreed Motion to Dismiss and closed the case.[1] (Dkt. No. 46). The next day, attorney Matthew Kita filed an appearance on behalf of Gaetan Pelletier. (Dkt. No. 47). Gaetan Pelletier is not a party in this case. (Dkt. No. 1-5). Perhaps recognizing this mistake, on May 21, 2021, Matthew Kita filed a Notice of Appearance on behalf of PMC. (Dkt. No. 48). That same day, PMC filed the current Motion for New Trial. (Dkt. No. 49). The Defendants timely filed a Response in opposition. (Dkt. No. 52).

## II.   LEGAL STANDARD

The Parties disagree about what rule applies. PMC acknowledges that there was not a trial but nonetheless moves for a new trial under Federal Rule of Civil Procedure 59(a). (Dkt. No. 49 at 12–13). The Defendants argue that PMC's request is procedurally improper because there was not a trial. (Dkt. No. 52 at 6–7).

Rule 59(a) authorizes a federal district court to grant a new trial after a jury or nonjury trial. Fed. R. Civ. P. 59(a)(1). Rule 59(a) does not apply here because the Court

---

[1] If the Agreed Motion to Dismiss was a notice of dismissal or stipulation of dismissal under Rule 41(a)(1)(A), the Court would ordinarily lack jurisdiction because dismissal would have been effective upon filing. *Def. Distributed v. United States Dep't of State*, 947 F.3d 870, 873 (5th Cir. 2020). Any further action by this Court, in turn, would be "superfluous." *Id.* But the Court does not construe the Agreed Motion to Dismiss as a notice of dismissal or stipulation of dismissal. The filing does not use the phrase "notice of dismissal" or "stipulation of dismissal." *See* Fed. R. Civ. P. 41(a)(1)(A). Rather, the Parties used the words "*move* to dismiss this cause with prejudice." (Dkt. No. 45) (emphasis added). A proposed order is attached to the filing. (Dkt. No. 45-1). The Agreed Motion to Dismiss thus attaches a condition to dismissal—permission by the Court. A plaintiff, however, "may not attach conditions to the voluntary dismissal" under Rule 41(a)(1). 4 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2363 (4th ed.). Thus, the Court construes the Agreed Motion to Dismiss as a motion under Rule 41(a)(2). Under this rule, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Dismissal, therefore, was not effective upon filing. The Court has jurisdiction to consider the Rule 59(e) motion.

3

did not hold a trial. *Hernandez v. Siemens Corp.*, 726 F. App'x 267, 269 (5th Cir. 2018) (per curiam). As a result, the Court construes PMC's request for a new trial as a request for relief under Rule 59(e).[2] *Smither v. Ditech Fin., L.L.C.*, 681 F. App'x 347, 350 n.4 (5th Cir. 2017) (per curiam); Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2817 (3d ed.) ("In general, in determining whether a motion is brought properly under Rule 59(e), courts look beyond the form of the motion to the substance of the relief requested.").

Rule 59(e) is the vehicle for filing a motion to alter or amend a judgment.[3] Fed. R. Civ. P. 59(e).[4] Granting a Rule 59(e) motion is appropriate in three circumstances: "(1) to correct a manifest error of law or fact, (2) where the movant presents newly discovered evidence that was previously unavailable, or (3) where there has been an intervening change in the controlling law." *Jennings v. Towers Watson*, 11 F.4th 335, 345 (5th Cir. 2021) (citing *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012)). A Rule 59(e) motion must "clearly establish" one of these categories to obtain relief. *Lamb v. Ashford Place Apartments L.L.C.*, 914 F.3d 940, 943 (5th Cir. 2019) (quoting *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005)). Rule 59(e) is not an appropriate vehicle to raise arguments that

---

[2] The Defendants acknowledge that PMC should have filed a motion under Rule 59(e) instead of Rule 59(a). (Dkt. No. 52 at 6–7).

[3] Rule 54(a) defines judgment as an "order from which an appeal lies." Fed. R. Civ. P. 54(a). This definition includes a "final decision" under 28 U.S.C. § 1291. Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2651 (4th ed.). Section 1291, in turn, governs "all final decisions" of a district court. 28 U.S.C. § 1291. The order dismissing this case with prejudice was a final decision that terminated this case. (Dkt. No. 46).

[4] Rule 59(e) provides in full: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."

"could, and should, have been made before the judgment issued." *Rollins v. Home Depot USA*, 8 F.4th 393, 396 (5th Cir. 2021) (quoting *Faciane v. Sun Life Assurance Co. of Canada*, 931 F.3d 412, 423 (5th Cir. 2019)). Moreover, relief under Rule 59(e) is an extraordinary remedy. *Def. Distributed v. United States Dep't of State*, 947 F.3d 870, 873 (5th Cir. 2020). Indeed, the remedy is so extraordinary that the standard applicable to Rule 59(e) favors denial. *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

### III. ANALYSIS

PMC asks the Court to vacate its order of dismissal and re-open this case for two reasons. First, Kretzer lacked authority as a receiver to act on behalf of PMC. (Dkt. No. 49 at 13–14). Second, if the Court had considered the evidence attached to its Motion for New Trial, PMC would have had the opportunity to substitute its counsel for Kretzer and withdraw the Agreed Motion to Dismiss. (*Id.* at 14). The Defendants disagree on both fronts. (Dkt. No. 52 at 7–10).

#### A. MANIFEST ERROR

"Manifest error" is a "plain and indisputable" error "that amounts to a complete disregard of the controlling law." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (quoting *Venegas–Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)). It is difficult to see how PMC could carry its burden to clearly demonstrate a manifest error of law or fact when PMC does not mention or otherwise brief manifest error. The Court assumes, however, that PMC's argument regarding Kretzer's authority as receiver is best argued under Rule 59(e)'s manifest-error inquiry. But even after making this assumption, PMC has not shown that it is entitled to relief.

5

PMC's Motion for New Trial hinges on Kretzer's alleged lack of authority to represent PMC at the time Kretzer filed the Agreed Motion to Dismiss.  The 267th Judicial District Court of DeWitt County appointed Kretzer as receiver "to take possession of and sell the leviable assets of Gaetan Pelletier."  (Dkt. No. 33-14 at 1).  PMC concedes that it did not have the ability to direct litigation in this case following Kretzer's appointment.  (Dkt. No. 49 at 13).  But PMC also argues Kretzer lacked authority at the time he filed the Agreed Motion to Dismiss on behalf of PMC.  (*Id.* at 13–14).  PMC is incorrect.

On March 25, 2021, Kretzer received permission from the state court to dismiss this federal lawsuit.  (Dkt. No. 51 at 1); (Dkt. No. 51-1).  Two days later, Kretzer filed a motion to dismiss.  (Dkt. No. 33).  Following transfer to this Court, on May 2, 2021, Kretzer and the Defendants filed the Agreed Motion to Dismiss, which referenced the reasons in the original motion to dismiss.  (Dkt. No. 45).  The next day, the Court granted the Agreed Motion to Dismiss and closed this case.  (Dkt. No. 46).

Kretzer still maintained authority under the state-court order when he filed the Agreed Motion to Dismiss on behalf of PMC.  Indeed, it was not until May 6, 2021—three days *after* this case was closed—that the state court ordered Kretzer "discharged and dismissed from the previous order appointing him as receiver for Gaetan Pelletier."  (Dkt. No. 49 at 43).

PMC nonetheless argues that Gaetan Pelletier's posting of a bond and state-court order rendered Kretzer without authority.[5]  (Dkt. No. 49 at 13).  An April 14, 2021 state-

---

[5]   PMC does not cite to the record.  The Court thus assumes that PMC refers to the April 14, 2021 state-court order.

court order states that Gaetan Pelletier's deposit of a bond will result in "a Writ of Supersedeas, suspending enforcement of the judgment pending appeal pursuant to Texas Rule of Appellate Procedure 24.1(f)." (Dkt. No. 49 at 39). The Parties agree that the bond was paid. (Dkt. No. 49 at 13); (Dkt. No. 52 at 8). PMC thus argues that Texas Rule of Appellate Procedure 24.1(f) rendered Kretzer without authority.

Rule 24.1(f) provides in full: "Enforcement of a judgment must be suspended if the judgment is superseded. Enforcement begun before the judgment is superseded must cease when the judgment is superseded. If execution has been issued, the clerk will promptly issue a writ of supersedeas." Tex. R. App. P. 24.1(f). PMC does not cite a judgment that was superseded. At best, PMC appears to argue that Kretzer was appointed as receiver solely to enforce a judgment in state court, which, in turn, was superseded when appealed. *See* (Dkt. No. 49 at 11). Even if a judgment was superseded, PMC does not explain how the state-court's order appointing Kretzer as receiver constitutes part of a judgment. In fact, Gaetan Pelletier filed a motion to remove Kretzer as receiver *after* a judgment was supposedly superseded on April 14, 2021. *Compare* (Dkt. No. 50-3) *with* (Dkt. No. 49 at 38–40). If Kretzer was automatically removed as receiver when bond was posted, as PMC suggests, then Gaetan Pelletier would have no reason to subsequently move for Kretzer's removal as receiver. Similarly, the state court would have no reason to later order Kretzer's removal.

In sum, PMC has not shown that Kretzer lacked authority to file an Agreed Motion to Dismiss before Kretzer was relieved of his duties as receiver by the state-court judge. Thus, the Court concludes that it did not base its prior order granting the Agreed Motion

7

to Dismiss "on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *See Lamb v. Ashford Place Apartments L.L.C.*, 914 F.3d 940, 947 (5th Cir. 2019).

### B. NEW EVIDENCE

PMC next argues that the Court did not consider the "additional" evidence attached to the Motion for New Trial when it granted the Agreed Motion to Dismiss. To the extent PMC is arguing that this is "newly discovered evidence" under Rule 59(e), the argument is without merit. Rule 59(e) governs *newly discovered* evidence—not evidence a movant wishes that the Court had considered. *See generally Torres v. Livingston*, 972 F.3d 660, 663 (5th Cir. 2020). PMC does not argue that the evidence was newly discovered. Thus, PMC's second argument does not fall within the confines of Rule 59(e). *See Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 535 (5th Cir. 2015).

## IV. CONCLUSION

Extraordinary relief under Rule 59(e) is unwarranted. Accordingly, the Court **DENIES** the Motion for New Trial. (Dkt. No. 49). This case remains closed.

It is SO ORDERED.

Signed on March 5, 2022.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**